## THE GREAT WESTERN RAILROAD SUPPLY CO.
### v.
### JOHN B. BOWMAN.

CORPORATION EMPLOYING LAWYER.—As the consent of a majority of the directors was given to the employment of appellee by the president of appellant, the rule relied upon was not vio'ated, even if it could be successfully interposed against one having no notice of it.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 27, 1885.

Messrs. FLANNIGEN & CANBY, for appellant.

Mr. A. S. WILDERMAN, for appellee.

PILLSBURY, P. J. This suit was originally commenced by the appellee before a justice of the peace, to recover for services claimed to have been rendered by him as an attorney at law for the appellant. After judgment for the plaintiff for $200, the cause was removed into the circuit court, where a trial was had before the court, a jury being waived, and a like finding and judgment, from which this appeal is prosecuted.

The real contest between the parties appears to be whether the appellee was employed by the appellant to perform the work claimed for by him.

The testimony upon this question is quite conflicting. The appellee testifies he was employed by the president of the company and he did the work, with the knowledge and acquiescence of McLean, the treasurer, and McMillan, the secretary.

In this he is supported by the testimony of Wilson, who swears he was the president and superintendent of the company, and employed appellee to perform the legal work for the company, and that he, McLean, McMillan and Jackson were the directors of the company, and that they all, except Jackson, recognized appellee as the attorney for the company and consulted him as such.

Phillip Wolf also gives testimony corroborative of the appellee and Wilson. Besides this, there is uncontradicted evidence that. McMillan, the secretary, requested appellee to meet with the directors and stockholders, which he did, and presented some contracts he had been directed to prepare between the company and other parties, for their approval, and that he advised with them about affairs of the company. On the other hand, three witnesses, McLean, McMillan and Jackson, swear he was not to their knowledge employed by the company to perform any services for it, neither did he do any for it, and they explain the fact of the labor being done by saying that he was at work for himself, the company being about to locate some of its works upon his land, and he was trying to forward the success of the enterprise and thereby enhance the value of his other real estate.

It was also shown by the appellants, that before appellee claims he was employed, the directors, at a meeting held by them, passed a resolution that no contract be entered into or debt of any kind be incurred in the name of the company, by any of its officers, without the consent of a majority of the board of directors. It does not appear that appellee had any notice of this rule at the time of his employment or while he was doing the work for which he claims to recover; on the contrary he states he knew nothing of it until the day of the

trial in the circuit court. It is contended that under the general law concerning corporations in this State, the rule in question was valid, and prevented any officer from employing appellee without the consent of a majority of the directors, and many cases are referred to as sustaining this view. We do not find it necessary to pass upon this legal phase of the case. No propositions of law were submitted to the court, and in absence of such, we must presume that the court found all disputed questions of fact in favor of the plaintiff below; and if the evidence is sufficient to sustain the findings as to the facts necessary to make a case in his behalf the general finding will not be disturbed. We are not prepared to hold that the court committed error in giving credit to the testimony of appellee and Wilson, the president of the company, rather than to that of McLean, McMillan and Jackson, as the other facts and circumstances in evidence and undisputed tend very strongly to support the appellee's view of the case, and necessarily weaken that of the defense to the same extent. The consent of a majority of the directors then being given to the employment of appellee by the president of appellant, the rule relied upon was not violated even if it could be successfully interposed against one having no notice of it. We perceive no error in the record calling upon us to reverse the judgment, and it will thereupon be affirmed.

Judgment affirmed.